## KNOX v. FARMERS' STATE BANK OF MERKEL.

### No. 2489.

Court of Civil Appeals of Texas. El Paso.
Dec. 18, 1930.

See, also, 7 S.W.(2d) 918. .

York & Camp, of Abilene, for appellant.

Scarborough, Ely & King, of Abilene, for appellee.

HIGGINS, J.

J. B. Knox brought this suit against the appellee to recover $1,500 damages for the wrongful refusal of appellee to release the lien of a deed of trust upon a tract of land given by Knox to secure his note, for $3,000. Knox died, and his executrix was substituted as plaintiff. She appeals from an adverse judgment rendered upon an instructed verdict.

The note was paid prior to August 28, 1925. Upon that date Knox and wife executed an oil and gas lease to G. M. Wilson upon 35 acres of the land covered by the deed of trust and deposited same in escrow.

Wilson deposited his check for $1,500, which was to be in part payment for the lease. At the same time the parties to the lease entered into a written contract by the terms of which Knox was to submit as soon as possible an abstract of title to the land, and Wilson was to have ten days in which to procure an opinion thereon from his attorney. Upon approval of the title the lease was to be delivered to Wilson and the check to Knox. If the attorney found any objection to the title Knox was to have ten days from the date of the opinion to cure the objection. Knox submitted the abstract, and upon September 4, 1925, objection to the title was made because the deed of trust was unreleased. Knox telephoned appellant requesting a release, which the latter declined to give unless Knox paid a note of his for $130 held by appellant. Knox then went in person to see appellant, and gave his check to cover the last-mentioned note, whereupon appellant executed and delivered to him a release of the deed of trust. Such release is dated September 4, 1925, was filed for record by Knox on September 7, 1925, and upon the same date Knox had same incorporated in a supplemental abstract certified upon that date. He immediately returned to Cross Plains where Wilson's attorney had his office. Whether he submitted the supplemental abstract to the attorney does not appear. Knox's testimony upon a former trial was used by agreement. He testified:

"I took that release back to Baird, had it put on record, copied into my abstract and went on back to Cross Plains.

"This is the supplement I had made at that time. That is dated September the seventh, 1925.

"I am not sure on what date I got back to Cross Plains, after having this closed up, whether it was the seventh or the eighth, but as soon as I could get it copied in and get back out there I had it done.

"Q. When you got back out there what had happened? A. That little well that was being drilled between me and the townsite pool came in as a little bit of a gas well and was called a 'dry hole.' Those fellows took their money down and refused to comply with the contract. I did not receive my $1,500.00. I never have received it to this day."

Upon the facts stated it conclusively appears that within the ten days allowed for correction of defects in the title the release in question had been executed, filed for record, and incorporated in a supplemental abstract. The refusal of appellee to execute the release when first requested so to do on September 4, 1925, could not have been the proximate cause of the failure to consummate the lease to Wilson. The defect in the title having been corrected within the time limited by the contract, Knox had the right to require of Wilson specific performance of the contract to lease. Upon these undisputed facts the peremptory instruction was properly given.

Affirmed.